TATE AND MARCUS, JJ.
concur. The defendant’s remedy was an independent action in nullity. La.C.Civ. Procedure, Articles 2001, et seq.”
Additionally, on April 25, 1979, Mr. Kansas had filed an action to nullify the judgment of the Small Claims Court. This action was filed in the Second City Court inasmuch as the trial judge believed there was no procedure to nullify judgments in the Small Claims Court, which is not a court of record.
The action to nullify was tried on November 26, 1979, at which time the trial judge dismissed the action to annul, granting judgment in favor of Mr. Fields. From the judgment rendered on November 26, 1979, Arlen Realty Management appeals.
Generally, there is no record of Small Claims proceedings, there being no right to appeal from a judgment of that court. R.S. 13:5209. In the instant case, however, the Second City Court has aided us greatly, not only by attempting to construct a record but also by allowing the action to be filed under its jurisdiction.
On appeal, Arlen Realty Management argues that a default judgment could not be taken against it as it had made no general appearance. We agree. The filing of an exception of insufficiency of service of process does not constitute a general appearance. We agree with the trial court’s delineation of the purposes of the Small Claims Act and mourn the defeat of so noble a purpose. However, where fundamental procedural due process requires a hearing, we cannot allow so basic a right to be trampled in the name of “expeditious justice”.
For these reasons, the judgment of the Second City Court, dated November 26, *1289 1979, is reversed and we render judgment as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of Arlen Realty Management, Inc. and against Arthur T. Fields declaring that the judgment rendered on March 20, 1979, in the case entitled “Arthur T. Fields vs. Arlen Realty Management, Inc.” No. SC-51, is hereby vacated, annulled and set aside.

REVERSED AND RENDERED.